Curran, Dennis J., J.
The defendants XS Micro, Daniel Vasseur, Joseph Biotta, and Brandon Biotta, have submitted the United States Supreme Court case of Walden v. Fiore (decided less than three weeks ago on Februaiy 25, 2014) for the court’s consideration of its original decision. 
After reviewing Walden v. Fiore, the original decision in this case shall remain unchanged for the following reasons.
DISCUSSION
In Walden v. Fiore, the United States Supreme Court considered whether the federal district court in Nevada could properly exercise personal jurisdiction over a Georgia police officer. The officer had been working as a deputized Drug Enforcement Administration agent at a Georgia airport when he seized a large amount of cash from the cariy-on bags of two Nevada residents as they were connecting flights in Georgia. The money was eventually returned to the defendants, who filed suit in Nevada against the officer. The complaint alleged violations of the Nevada couples’ fourth amendment rights and libel based on a false statement of probable cause filed by the officer to retain the money in Georgia. The Nevada court dismissed the case for lack of personal jurisdiction. The United States Supreme Court ultimately affirmed the Nevada court’s order of dismissal.
The decision in Walden does not, however, disturb this court’s jurisdictional analysis with respect to the defendants in this action. As Justice Thomas "wrote, Walden was decided on well-established principles of personal jurisdiction. See 134 S.Ct. at 1125. The Court simply affirmed the reasoning of Calder v. Jones upon which this court relied in the original order. See Walden, 134 S.Ct. at 1123-24. The Court did not change the doctrine of personal jurisdiction. Instead, the Court found personal jurisdiction lacking over the Georgia defendant based on a crucial factual difference between Walden and Colder. Those factual differences do not exist in this case. Justice Thomas also expressly declined to confront the question of personal jurisdiction in internet defamation cases. See Walden 134 S.Ct. at 1125, n.9.
In Walden, the Court affirmed Colder by stating that reputation-based effects of alleged defamatory conduct, which are felt in the forum state, meet the minimum contacts requirement of due process. See pp. 1123-24. The very nature of defamation provides the necessary connection between defendants and a potential forum state because of the involvement of third persons within the forum state. The injury to a plaintiffs reputation can only occur if the defamatory statements made by defendants are actually communicated to third persons in the forum state. The connection between the defendant and these third persons satisfies the necessary minimum contacts to constitute due process.
In Walden, the police officer did not intentionally involve third parties within Nevada in the alleged libel. *24 See 134 S.Ct. at 1125. The officer did not publish the alleged false statement contained in the affidavit in Nevada. In fact, the affidavit was only addressed to another Georgia official and did not involve the general public at all. In contrast, here, the defendants’ contacts with Massachusetts involve not only the alleged phone calls and emails to Mr. Edozien, but also the targeting of third persons in Massachusetts as a potential audience for the posting on www.ripqffieport.com.
Furthermore, this court cannot apply Walden in the manner the defendants suggest. In footnote nine of the opinion, Justice Thomas cautions against attempting to apply this decision to the minimum contacts analysis for intentional torts committed by way of the internet. The facts of Walden did not present the issue of virtual contacts, and there was no question where the alleged defamatory conduct took place. Accordingly, we continue to follow our sister courts and the federal district court in Massachusetts in finding that posting defamatory content on the internet, which specifically names a Massachusetts resident and his company, satisfies the minimum contacts analysis for the proper exercise of personal jurisdiction. See Abiomed, Inc. v. Turnbull 379 F.Sup.2d 90, 94 (D.Mass. 2005); Taylor v. Taylor, MICV2013-01222, slip op., doc. num. 15 at * 2 (Mass.Super.Ct. September 27, 2013) (J. Krupp) [31 Mass. L. Rptr. 526].
ORDER
For these reasons, the original Order denying the defendants’ motion to dismiss the plaintiffs’ complaint for lack of personal jurisdiction remains undisturbed.